961 F.2d 963
 295 U.S.App.D.C. 209
 NOTICE: D.C. Circuit Local Rule 11(c) states that unpublished orders, judgments, and explanatory memoranda may not be cited as precedents, but counsel may refer to unpublished dispositions when the binding or preclusive effect of the disposition, rather than its quality as precedent, is relevant.
Calvin BATTLE, Appellant,
v.
UNITED STATES of America, Appellee.
 No. 91-3127.
 United States Court of Appeals, District of Columbia Circuit.
 May 1, 1992.
 
 Before MIKVA, Chief Judge, and D.H. GINSBURG, and SENTELLE, Circuit Judges.
 JUDGMENT
 PER CURIAM.
 
 
 1
 This case was considered on the record from the United States District Court for the District of Columbia and on the briefs and oral argument of counsel. The court has determined that the issues presented occasion no need for a published opinion. See D.C.CIR.R. 14(c).
 
 
 2
 The appellant first argues that his arrest was not supported by probable cause. Based upon the surveillance of the appellant before his arrest--in which the police heard him discuss drug transactions and saw him remove a handgun from his pants and place it in his pickup truck--we conclude that the police had probable cause to arrest him. The appellant also argues the warrantless search of his pickup truck violated the Fourth Amendment. As we have recently held, however, "[a] warrantless search of a motor vehicle parked in a public place is permissible, with or without exigent circumstances, provided the searching authorities have probable cause to believe the vehicle contains contraband." United States v. Wider, No. 90-3275, slip op. at 4-5 (D.C.Cir. Dec. 13, 1991). Because the police had probable cause to search appellant's truck, the warrantless search did not violate the Fourth Amendment. It is, therefore,
 
 
 3
 ORDERED and ADJUDGED that the judgment of the district court is affirmed.
 
 
 4
 The Clerk is directed to withhold issuance of the mandate herein until seven days after the disposition of any timely petition for rehearing. See D.C.CIR.R. 15(b)(2).
 
 
 5
 MIKVA, Chief Judge, concurring.
 
 
 6
 The Supreme Court has said clearly that a "readily mobile" parked car presents exigent circumstances that justify a warrantless search based on probable cause. California v. Carney, 471 U.S. 386, 393 (1985). That is enough to decide this case. Because Mr. Battle's parked truck was "readily mobile," and because the police had probable cause to search it, Carney defeats his claim. In United States v. Wider, this Court suggested that warrantless searches might be permissible "without exigent circumstances." No. 90-3275, slip op. at 4-5 (D.C.Cir. Dec 13, 1991) (citing Carney, 471 U.S. 386). This strikes me as a troubling extension of Supreme Court precedent: Carney never indicated that the warrant exception applies if a vehicle is not "readily mobile." Since the broad proposition reflected in Wider is not necessary to resolve this case (nor was it necessary to resolve Wider ), I see no reason to reach for it here.